1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TRILOCHAN SINGH,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PAKSN, INC., et al.,<br><br>                    Defendants. | No. CV 15-09064 SB (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT**<br><br>Honorable Alicia G. Rosenberg |

3764128.2

1   **1.    A.    PURPOSES AND LIMITATIONS**

2      Disclosure and discovery activity in this action are likely to involve production

3   of confidential, proprietary, or private information for which special protection from

4   public disclosure and from use for any purpose other than prosecuting this litigation

5   may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

6   enter the following Stipulated Protective Order. The parties acknowledge that this

7   Order does not confer blanket protections on all disclosures or responses to discovery

8   and that the protection it affords from public disclosure and use extends only to the

9   limited information or items that are entitled to confidential treatment under the

10  applicable legal principles. The parties further acknowledge, as set forth in Section

11  12.3, below, that this Stipulated Protective Order does not entitle them to file

12  confidential information under seal; Civil Local Rules set forth the procedures that

13  must be followed and the standards that will be applied when a party seeks permission

14  from the Court to file material under seal.

15     **B.    GOOD CAUSE STATEMENT**

16     This action is likely to involve (a) personal information; and (b) trade secrets and

17  other valuable research, development, commercial, financial, technical and/or

18  proprietary information for which special protection from public disclosure and from

19  use for any purpose other than prosecution of this action is warranted. Such personal

20  information consists of, among other things, patient health information, financial

21  information, social security numbers, phone numbers, home addresses, and other

22  personal information that is protected from disclosure by statute or regulation.  Such

23  trade secrets and valuable proprietary materials and information consist of, among

24  other things, previously non-disclosed business plans, product development

25  information, trade secrets, or other confidential research, development, or financial

26  information that is commercially sensitive, or which may be privileged or otherwise

27  protected from disclosure under state or federal statutes, court rules, case decisions, or

28  common law. Accordingly, to expedite the flow of information, to facilitate the prompt

resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information, Items, or Material: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party, as defined by 2.4 below, considers in good faith to consist of:

(a) financial information, social security numbers, phone numbers, home addresses, and any personal information that is protected from disclosure by statute or regulation; or

(b) previously non-disclosed business plans, product development information, or marketing plans of any individual or company that reveal a trade secret, or other confidential research, development, or financial information that is commercially sensitive; or

(c) patient health information, including information that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 160.103; 164.102–164.534, or to the provisions of 42 U.S.C. § 1306.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Health Information:  Protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003).

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party; (b) any information known to the Receiving Party prior to the disclosure that the Designating Party agrees, or the Court rules, was obtained by the Receiving Party lawfully and under circumstances in which the Designating Party had no reasonable expectation of privacy or confidentiality; (c) any information that the Producing Party agrees, or the Court rules, was obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; or (d) any information that the Producing Party agrees, or the Court rules, has become part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.  To the extent that the Government obtained any Disclosure or Discovery Material during pre-litigation proceedings from a Party or Non-Party that is re-produced by any Party or Non-Party during this litigation, such Disclosure or Discovery Material is deemed to have been produced in a

4

manner subject to reasonable expectations of privacy or confidentiality under Paragraph 3(b) and, therefore, shall be subject to the protections conferred by this Stipulation and Order and may be designated as Confidential Material by any Party.

With respect to testimony given in pretrial or trial proceedings, the designation of Protected Material shall be governed by a separate agreement or order.  Any use of Protected Material during pretrial proceedings or at trial shall also be governed by a separate agreement or order.  <u>Protected Material used at trial shall become public absent a separate court order upon motion and a sufficient showing.</u>

**4.    DURATION**

This Order shall survive the termination of the litigation.  Following the final disposition of this action, all Confidential Material and copies thereof shall be returned to the Designating Party, or, upon the Designating Party's permission, destroyed.  The United States may, however, retain documents, files or other information sufficient to support its decision as to whether to bring any action against Defendants and any other information, including Confidential Material, which may be required for the United States to fulfill its statutory and regulatory record retention obligations.

~~This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.~~

**5.    TREATMENT OF PROTECTED HEALTH INFORMATION**

5.1    Satisfactory Assurances.  Pursuant to the HIPAA Privacy Rule, a covered entity is permitted to disclose protected health information in the course of a judicial proceeding if certain "satisfactory assurances" are received.  This Protective Order hereby provides any covered entity compelled to produce documents in this litigation with the requisite satisfactory assurances under HIPAA, provided that the protected health information is disclosed in accordance with the terms of this Protective Order.  *See* 45 C.F.R. § 164.512(e)(1)(iv).

5.2     Prohibition on Other Uses.  In accordance with the HIPAA Privacy Rule, this Protective Order allows for the disclosure and receipt of a patient's protected health information, in the possession of a covered entity, for the limited purpose of this litigation, including at depositions, hearings, or other judicial proceedings in this litigation.  In accordance with the HIPAA Privacy Rule, this Protective Order specifically prohibits the parties from using or disclosing the protected health information for any purpose other than this litigation.  45 C.F.R. § 164.512(e)(1)(v)(A).

5.3     Destruction of Protected Health Information.  Also in accordance with the HIPAA Privacy Rule, the protected health information disclosed to any persons pursuant to this Protective Order, including all copies made, shall be destroyed at the conclusion of this litigation as provided herein.  45 C.F.R. § 164.512(e)(1)(v)(B).

5.4     Disclosure Subject to State Law.  This Order also permits and authorizes the parties to disclose individually identifying health, personal and financial information of nonparty patients during discovery in this case.  The Court further finds that it is not possible to identify and contact all nonparty patients whose names or other personal, identifying information may be produced and that removal or deletion of all such information is not practical or feasible.  Therefore, the Court hereby authorizes and ORDERS, to the extent a court order is necessary under state law, that the parties are permitted to disclose individually identifying health, personal, and financial information, records and data regarding nonparty patients during discovery in this case, including information otherwise privileged or confidential under state law, provided that such disclosure is made in accordance with the terms of this Protective Order.

## 6.     DESIGNATING PROTECTED MATERIAL

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection

only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents

it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition, that the Designating Party identify in writing to all counsel of record, within 30 days of the court reporter's preparation of the draft transcript, all protected testimony, except to the extent that Protective Health Information may be designated Protected Material at any time under Section 6.4.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     Inadvertent Failure to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.4     Failure to Designate certain Confidential Material as Protected Material. Documents or testimony containing Confidential Material because they contain Protected Health Information, or because they contain confidential and/or sensitive private information protected from disclosure under federal law, Article I of the California Constitution, the California Consumer Privacy Act and the California Privacy Rights Act, that were not designated Protected Material may be designated as confidential at any time.

**7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time <u>consistent with the Court's scheduling order</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3   Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rules within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time consistent with the Court's scheduling order if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the parties to this action;

(b) counsel to a party to this action, or any employee, staff,  or  document review personnel retained by such counsel or party, who is assisting in this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any actual or potential witness, provided that no witness (or his or her counsel) shall be permitted to retain a copy of any Confidential Material;

(e) any person retained by a party to provide specialized advice in connection with this action, including any expert witness or consultant, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit 1 hereto;

(f) any independent contractor retained by counsel or a party to assist or provide services in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit 1 hereto;

(g) stenographers engaged to transcribe depositions conducted in this action; and

(h) the Court in any litigation between the parties to this action.

8.3     Use of Confidential Health Information in Depositions.  Parties may show deponents designated confidential documents.   However, efforts should first be made, if practicable, to conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information.  The parties may, within 30 business days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend:  "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."  Until expiration of the 30-day period, the

entire deposition will be treated as subject to protection against disclosure under this Protective Order.  If no party designates confidential information in a deposition in accordance with this Protective Order, then none of the transcript or its exhibits will be treated as confidential; if such a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.  If, more than 30 business days after receiving a deposition, a party discovers that the deposition transcript or any exhibit thereto contains Protected Health Information or confidential and/or sensitive private information protected from disclosure under federal law, Article I of the California Constitution, the California Consumer Protection Act and the California Privacy Rights Act, the party shall designate the relevant pages of the transcript (and/or exhibits thereto) as confidential, and the parties shall thereafter treat the material in the same manner as if it had been designated confidential within 30 business days.  If any such information has been disclosed, the parties shall take all reasonable steps to remove any such information from the public record.

8.4    Use of Protected Health Information in Open Court.  The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  The parties shall consider redacting confidential documents to remove individual patient identifiers, request the Court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed.  No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced or disclosed by a Non-Party in this action.  Parties may designate any such information CONFIDENTIAL as if it were produced by a party.  A Non-Party who agrees to be bound by the terms of this Protective Order may designate material it produces or discloses pursuant to the terms of the Protective Order.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Nondisclosure Agreement that is attached hereto as Exhibit 1.

**12.    MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rules, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rules is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rules unless otherwise instructed by the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    IT IS SO STIPULATED AND AGREED:

2                                              Respectfully submitted,

3    Dated: December 7, 2021              BRIAN M. BOYNTON
                                          Acting Assistant Attorney General, Civil Division
4
                                          TRACY L. WILKISON
5                                         United States Attorney

6                                         */s/ Rohith V. Srinivas*
                                          JAMIE ANN YAVELBERG
7                                         DAVID WISEMAN
                                          ROHITH V. SRINIVAS
8                                         JESSICA M. SARKIS
                                          Attorneys, Civil Division
9                                         U.S. Department of Justice
                                          175 N Street, N.E.
10                                        Washington, D.C. 20002
                                          (202) 307-6604
11                                        Rohith.V.Srinivas@usdoj.gov

12                                        */s/ Kent A. Kawakami*
                                          DAVID M. HARRIS, AUSA
13                                        Chief, Civil Division
                                          ROSS M. CUFF, AUSA
14                                        Acting Chief, Civil Fraud Section
                                          KENT A. KAWAKAMI
15                                        Assistant United States Attorney

16                                        *Attorneys for the United States of America*

17

18   Dated: December 7, 2021              STEPHEN GARCIA
                                          BILL ARTIGLIERE
19                                        MATTHEW COMAN
                                          Garcia & Artigliere LLP
20
                                          */s/ Matthew Coman*
21                                        *Attorneys for Plaintiff-Relator Trilochan Singh*

22

23

24

25

26

27

28

Dated: December 7, 2021

BENJAMIN N. GLUCK
NICOLE R. VAN DYK
NAOMI S. SOLOMON
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

*/s/ Nicole R. Van Dyk*

*Attorneys for Defendants Prema Thekkek, Paksn,
Inc., Kayal, Inc., Nadhi, Inc., Oakrheem, Inc.,
Bayview Care, Inc., Thekkek Health Services, Inc.,
Aakash, Inc., and Nasaky, Inc.*

I attest that Defendants' counsel and Plaintiff-Relator's counsel concur in this document's content and have authorized its filing.

Executed on December 7, 2021, at Los Angeles, California.

*/s/ Kent A. Kawakami*
KENT A. KAWAKAMI
Assistant United States Attorney

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: December 8, 2021

Honorable Alicia G. Rosenberg
United States Magistrate Judge

3764128.2

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

On December 7, 2021, I caused a true and accurate copy of the foregoing Stipulated Protective Order to be filed using the Court's CM/ECF system, which will send an electronic notice of filing to all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Kent A. Kawakami*
Kent A. Kawakami
Assistant United States Attorney

1    **EXHIBIT 1**

2

3    **UNITED STATES DISTRICT COURT**

4    **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

5    **WESTERN DIVISION**

6

7    UNITED STATES OF AMERICA          No. CV 15-09064 SB (AGRx)
     *ex rel.* TRILOCHAN SINGH,

8                                      **STIPULATION REGARDING**
                    Plaintiff,         **PROTECTIVE ORDER**
9

10          vs.
                                       Honorable Alicia G. Rosenberg
11   PAKSN, INC., et al.,

12                  Defendants.

13

14

15                  <u>**NON-DISCLOSURE AGREEMENT**</u>

16          I, _____, declare and state that:

17          1.  My address is _____.

18          2.  My present employer is _____ and the address of

19   my present employer is _____.

20          3.  My present occupation or job description is _____

21   _____.

22          4.  I have received and carefully read the Protective Order in the above-

23   captioned case.  I certify that I understand the terms of that Protective Order, recognize

24   that I am bound by the terms of that order, and agree to comply with those terms.

25   Further, I understand that unauthorized disclosure of any Confidential Material, or its

26   substance, may constitute contempt of this Court and may subject me to sanctions or

27   other remedies that may be imposed by the Court and to potential liability in a civil

28   action for damages by the disclosing party.

1      5.  I submit myself to the jurisdiction of the United States District Court for the

2   Central District of California for the purpose of resolving any issue or dispute arising

3   hereunder.

4      Pursuant to 21 U.S.C. § 1746, I declare under penalty of perjury under the laws

5   of the United States of America that the foregoing is true and correct.

7   Executed On: _____    _____