**GARCIA & ARTIGLIERE**
Stephen M. Garcia, State Bar No. 123338
   edocs@lawgarcia.com
Matthew M. Coman, PHV (La. State Bar No. 23613)
   edocs@lawgarcia.com
One World Trade Center, Suite 1950
Long Beach, California  90831
Telephone: (562) 216-5270
Facsimile: (562) 216-5271

Attorneys for Relator

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    Plaintiff(s),<br><br>    vs.<br><br>PAKSN, INC., et al.,<br><br>    Defendant(s). | CASE NO. 2:15-cv-9064-PA(AGRx)<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>*[Filed Concurrently With Declaration in Support of Motion for Attorneys' Fees and Costs and Proposed Order]*<br><br>Trial Date: Stayed<br><br>Date: January 5, 2024<br>Time: 8:30 a.m.<br>Crtrm: 6C<br><br>Assigned to Hon. Stanley Blumenfeld, Jr. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that upon the annexed Declaration of Matthew M. Coman, the exhibits annexed thereto, the Memorandum of Law, and upon all of the papers and proceedings heretofore had and filed herein, Plaintiff-Relator Trilochan Singh ("Plaintiff-Relator"), will move this Court for an Order pursuant to 31 U.S.C. §3730(d)(1) awarding Plaintiff-Relator the reasonable expenses which the Court finds to have been necessarily incurred plus reasonable attorneys' fees and costs and

directing the said expenses, fees, and costs be paid by Defendants and for such other, further and different relief as this Court may deem just, proper and equitable.

DATED: November 22, 2023   By: */s/ Matthew M. Coman*
Stephen M. Garcia
William M. Artigliere
Matthew M. Coman (PHV)
***Attorneys for Relator***

# Table of Contents

1. INTRODUCTION ........................................................................................... 4

2. BACKGROUND ............................................................................................ 5

   • Background on Mr. Singh's *Qui Tam* Suit ............................................. 7

   • Overview of the Role Mr. Singh's Counsel Served in this Suit ........... 7

3. LEGAL ARGUMENT ................................................................................... 8

   • Mr. Singh Is Entitled to Fees Under 31 U.S.C. 3730(d)(1) ................... 8

      • In Determining Mr. Singh's "Reasonable Attorney's Fees," This Court Should Employ the Lodestar Method ............................... 8

      • Counsel's Hourly Rates are Reasonable .................................... ..9

   • Mr. Singh is Entitled to Costs and Expenses Under 31 U.S.C. §3730(d)(1) ................................................................. 10

4. CONCLUSION ............................................................................................ 10

# MEMORANDUM OF LAW
# IN SUPPORT OF PLAINTIFF-RELATOR'S
# MOTION FOR ATTORNEYS' FEES AND COSTS

## I. INTRODUCTION

On November 20, 2015, Plaintiff-Relator, through counsel, filed his original complaint under seal and served same on the United States pursuant to the False Claims Act ("FCA") (31 U.S.C. §3729 et. seq.). ECF No. 1. On December 11, 2015, Plaintiff-Relator, through counsel, filed an amended complaint. ECF No. 8. Thereafter, Counsel for Plaintiff-Relator participated in interviews of the Plaintiff-Relator conducted by the United States. Coman Declaration ("Coman Dec.") at ¶ 7. Following this initial interview, Counsel for Plaintiff-Relator continued to collaborate on various factual and legal aspects of the case with the United States Department of Justice whenever asked to do so by the United States. Coman Dec. at ¶ 7. Prior to the Government's intervention, Plaintiff-Relator, though counsel, consented to each and every request made by the Government to extend the seal period. ECF Nos. 9, 12, 16, 19, 21, 23, 27, 30, 33, 36, 39, 43, 46, 49.

Recently, Plaintiff-Relator's claims against the Defendants were settled by the Government, and this Court approved that settlement on November 4, 2023 after a fairness hearing requested by the Plaintiff-Relator. ECF Nos. 462; 470. On November 13, 2023, the United States and Defendants filed a Stipulation for Judgment and proposed Consent Judgment. ECF No. 469. On November 17, 2023, the Court entered the executed Consent Judgment. ECF No. 470. On November 17, 2023, the Parties filed a Stipulation for Dismissal of the case that included a request for the Court to retain jurisdiction to determine the "Relator's claims under 31 U.S.C. §3730(d) to a share of the proceeds of the Settlement Agreement and to Realtor's reasonable expenses, attorneys' fees, and costs." ECF No. 471 at p. 2. On November 17, 2023, the Court entered an Order of Dismissal where this Court held: "[t]he Court retains jurisdiction to consider whether to allow Relator's claims under 31 U.S.C.

§3730(d) to a share of the proceeds of the Settlement Agreement and to Realtor's reasonable expenses, attorneys' fees, and costs." ECF No. 472.

Pursuant to 31 U.S.C. §3730(d)(1), "[a]ny such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. §3730(d)(1). Plaintiff-Relator hereby moves this Court for an Order directing Defendants to pay his attorneys' fees and expenses incurred on his behalf to the Plaintiff-Relator's law firm, Garcia & Artigliere. Plaintiff-Relator is entitled to an award of his attorneys' fees and costs pursuant to the mandatory fee shifting language of §3730(d)(1) of the FCA. Section 3730(d)(1) of the FCA provides that where, as here, the Government intervenes in the relator's action, the relator "*shall*" receive reasonable costs and expenses, plus attorney's fees. This provision is *mandatory,* not discretionary. It further provides that those fees, costs and expenses are awarded against the Defendants and are not deductible from the proceeds of any settlement.

The attorneys' fees and costs reflected in this motion are those reasonably incurred by Garcia & Artigliere that represented the Plaintiff-Relator throughout the entirety of this investigation and litigation dating back to 2015. This representation culminated in a successful settlement of the Federal *qui tam* claims brought by Mr. Singh as approved by this Court on November 3, 2023. ECF No. 462. Accordingly, Plaintiff-Relator requests the Court grant his motion.

## II. BACKGROUND

The federal Anti-kickback Statute, 42 U.S.C. §1320a-7b(b), prohibits individuals or entities from knowingly and willfully offering, paying, soliciting or receiving remuneration to induce referrals of items or services covered by Medicare, Medicaid or any other federally-funded program. The main purpose of the federal anti-kickback law is to protect patients and the federal health care programs from increased costs and abusive practices resulting from provider decisions that are based

on self-interest rather than cost, quality of care or necessity of services. Notably, the Anti-Kickback Statute provides penalties for individuals or entities that "knowingly and willfully offer, pay, solicit or receive remuneration in order to induce or reward referrals of items or services reimbursed under the Medicare or State health care programs." The Patient Protection and Affordable Care Act ("PPACA") amended the Anti-kickback Statute to provide that Medicare or Medicaid claims that include items or services that result in kickback violations are false claims under the False Claims Act. The types of remuneration covered by this prohibition include the transfer of anything of value, such as kickbacks, bribes, and rebates, made directly or indirectly, overtly or covertly, in cash or in kind. Prohibited conduct includes not only remuneration intended to induce or reward referrals of patients, but also remuneration intended to induce or reward the purchasing, leasing, ordering or arranging for any good, facility, service or item paid for by Medicare or State health care programs.

As alleged by Plaintiff-Relator, Defendants defrauded Medicare by: (a) providing monthly compensation to physicians in exchange for the referral of Medicare patients to the facilities; (b) providing remuneration on a per-referral basis to physicians in exchange for the referral of Medicare patients to the facilities; (c) providing gifts to physicians in exchange for the referral of Medicare patients to the facilities; and (d) providing cash and gifts to case managers in exchange for the referral of Medicare patients to the facilities.

Following Plaintiff-Relator's investigation and filing of the original and amended complaints, the United States determined that between 2010 and present Defendants knowingly submitted claims for Medicare reimbursement for services not rendered and/or that were rendered after Defendants paid kickbacks to numerous physicians in exchange for patient referrals to Defendants. ECF No. 72. Fortunately, as a direct result of Plaintiff-Relator's False Claims Act complaint, the Defendants will be responsible and required to pay more than $45,000,000 as damages for their long-running kickback scheme and corresponding violations of the False Claims Act.

ECF No. 470.  The impact of counsel's work is even greater when one considers the value to the Government of the deterrent effect of this successful enforcement effort. This successful litigation resulted from much hard work by Mr. Singh and his counsel in collaboration with the Department of Justice and its respective offices.

### A. Background on Mr. Singh's *Qui* Tam Suit

The settlement of Mr. Singh's claims resulted from the investigation by Plaintiff-Relator's counsel and the filing of the original and amended complaints that was then followed by the Government's multi-year investigation and intervention in 2021.  ECF Nos. 1; 8; 72.  This was a complex case involving multiple parties and numerous allegations.  Mr. Singh first reported Defendant's kickback scheme by serving his pre-suit Disclosure Statement on the United States.  Mr. Singh's Disclosure Statement was a twenty-four-page detailed account of the fraudulent scheme with numerous exhibits evidencing the scheme.  Mr. Singh then filed his 160-paragraph Complaint on November 20, 2015.  ECF No. 1.  Mr. Singh was interviewed at length by a team of Government investigators and lawyers.  Coman Dec. at ¶¶ 7; 9  Following this initial interview, Relator and his counsel continued to work closely with the United States Department of Justice.  Coman Dec. at ¶¶ 6-7.

### B. Overview of the Role Mr. Singh's Counsel Served in this Suit

Following Plaintiff-Relator's investigation and filing of the original and amended complaints, the United States conducted its own investigation with the assistance of Plaintiff-Relator that resulted in the Government's intervention.  ECF Nos. 1; 8; 72.  Initially, counsel met with Mr. Singh and reviewed and analyzed pertinent documents pertaining to the fraud perpetrated by Defendants. Counsel then analyzed applicable Medicare, Medicaid and California state regulations which Defendants violated. Counsel prepared an extensive pre-suit Disclosure Statement with numerous exhibits detailing the fraud at the center of this case.  Coman Dec. at ¶¶ 6-7.  Further, counsel prepared and filed  the original and amended complaints in the

United States District Court for the Central District of California and served same upon the United States as required by thee False Claims Act. ECF Nos 1; 8.

From the outset of this case, counsel met with and had numerous telephone conferences with attorneys for the United States and collaborated on various factual and legal aspects of the case as well as multiple conference with Plaintiff-Relator as requested by the United States. Coman Dec. at ¶ 7. Counsel aided Plaintiff-Relator in providing important factual support on the issues and bolstering the Government's case regarding how Defendant's conduct defrauded the Government. Coman Dec. at ¶ 8. Counsel prepared Plaintiff-Relator for his meetings with the Government and participated in same. Coman Dec. at ¶ 9. Counsel reviewed and digested voluminous records throughout the litigation and worked with the United States in preparation for and during the lengthy, in-person deposition of the Plaintiff-Relator. Coman Dec. at ¶ 10. The fees and costs they incurred, as discussed below, are eminently reasonable and warranted.

## III. LEGAL ARGUMENT

### A. Mr. Singh Is Entitled to Fees Under 31 U.S.C. 3730(d)(1)

Pursuant to the False Claims Act, a successful relator "*shall* also receive an amount for reasonable expenses which the Court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses and costs *shall* be awarded against the defendant." 31 U.S.C. §3730(d)(1). The fee shifting language of the False Claims Act is mandatory, not discretionary. *Id.*

#### 1. In Determining Mr. Singh's "Reasonable Attorney's Fees," This Court Should Employ the Lodestar Method

In determining "reasonable attorneys' fees and costs" in *qui tam* actions, courts uniformly use the "lodestar" approach. In employing the lodestar approach, a district court should determine the fee award by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).

Once it calculates the lodestar, the district court may accept it as is or adjust it upward or downward depending on the circumstances of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court's calculation of the lodestar value, as well as any justifiable upward departure deserves substantial deference, but only when the court provides "a clear and concise explanation of its reasons for the fee award." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). Mr. Singh has the initial burden of showing that his fee request is reasonable by submitting evidence of the number of hours worked and the hourly rate claimed. *Hensley*, 461 U.S. at 433. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian* (9th Cir. 1992) 987 F.2d 1392, 1397–1398 (citing *Blum v. Stenson*, 465 U.S. 886, 892 n. 5 (1984); *Toussaint v. McCarthy,* 826 F.2d 901, 904 (9th Cir. 1987)).

As discussed more fully below, Mr. Singh's counsel expended a very reasonable number of hours in its eight-year representation of Mr. Singh. Moreover, counsel's rates are well within the prevailing market rates for attorneys who specialize in *qui tam* litigation and are consistent with their normal billing rates.

### 2. Counsel's Hourly Rates are Reasonable

In awarding attorneys' fees, courts generally consider the prevailing rates in the geographic area. *See Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)). However, where, as here, special expertise is needed, the court should apply the prevailing rates from the relevant market. *See In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions* (3d Cir. 1998) 148 F.3d 283, 338-340. In this case, Mr. Garcia's billing rate during the litigation was $1000/hour, Mr. Artigliere's rate was $800/hour, Mr. Coman's rate was $700/hour, Mr. Medby's rate was $750/hour.

For the various reasons discussed below, counsels' hourly rates in this case are reasonable. This has been an eight-year litigation, which required a substantial amount of time and labor as shown in the attached exhibits. Defendants engaged in a complicated and nefarious set of schemes to defraud the Government and, as a result of Mr. Singh's efforts, was brought to justice after an eight-year investigation by the state and federal governments. This investigation would not have been possible without the help of Mr. Singh and his counsel. Notably, this action and recovery would not have even been brought to the Government's attention but for the Plaintiff-Relator's original and amended complaints. Unlike other similar cases, there are no other relators. In other words, but for the Plaintiff-Relator and the firm of Garcia & Artigliere, there would have been no case and no recovery.

A *qui tam* action is a highly specialized area of the law with many difficult factual and legal issues. Aside from sorting through the factual issues and drafting and preparing the various pleadings and submissions, in this case, counsel analyzed various legal issues as well. Mr. Singh was represented for the last eight (8) years by Mr. Garcia, Mr. Artigliere, Mr. Medby, and Mr. Coman of Garcia & Artigliere along with the assistance from other members of their firm where appropriate. The hours expended on this case are described with specificity in an invoices attached hereto. Mr. Garcia, Mr. Artigliere, Mr. Medby, and Mr. Coman's practices all include extensive *qui tam* litigation. For these reasons, this Court should grant attorneys' fees based on the rates requested.

**B. Mr. Singh is Entitled to Costs and Expenses Under 31 U.S.C. §3730(d)(1)**

The FCA specifically provides that the relator shall recover his reasonable expenses and costs associated with the litigation. According to the court in *US ex rel. Coughlin v. Int'l Business Machines Corp.*, "the costs associated with litigation are generally recoverable if they are reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to fee-paying clients." *United States ex rel.*

*Coughlin v. Int'l Business Machines Corp.*, 992 F.Supp 137, 145 (N.D. N.Y. 1998). The scope of the allowed costs include those that are "incidental and necessary" to representing the client." *Id*. Here, all the costs and expenses Mr. Singh submitted are allowable because they are reasonable and are "incidental and necessary" to his representation. The costs and expenses are detailed on the time records included as Exhibits A and B. Accordingly, Mr. Singh respectfully requests that this Court grant his request for recovery of fees and costs incurred in this representation.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff-Relator moves this Court to award his outstanding attorneys' fees and costs as shown in Exhibits "A" and "B" pursuant to 31 U.S.C. §3730(d)(1).

DATED: November 22, 2023

By: */s/ Matthew M. Coman*
Stephen M. Garcia
William M. Artigliere
Matthew M. Coman (PHV)
***Attorneys for Relator***

**LOCAL RULE 7-3 CERTIFICATE**

I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

/s/ *Matthew M. Coman*
Matthew M. Coman